Mary J. Hackett (*appearing pro hac vice*)
mhackett@reedsmith.com
Sharon L. Rusnak (*appearing pro hac vice*)
srusnak@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:   (412) 288-3131
Facsimile:    (412) 288-3063

Michael A. Garabed (State Bar No. 223511)
E-mail: mgarabed@reedsmith.com
REED SMITH LLP
355 South Grand Ave, Suite 2900
Los Angeles, CA 90071
Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ARREOLA, ALFREDO PARRA, LILLIAN A. RAMIREZ, JAVIER A. GALINDO, PASCUAL CHAVEZ-RAMIREZ, JOSE RENTERIA, JESSE MORENO, MARIA PLIEGO, RENE PLIEGO, AND JOSE GARCIA, On Their Own Behalf and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a National Banking Association; PABLO ARAQUE, an individual; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No. 11-cv-06237 DDP (PLAx)<br><br>**AMENDED PROTECTIVE ORDER** |

## STATEMENT OF GOOD CAUSE FOR ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

This matter is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Protective Order, for good cause and with the consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business information that may be sought during discovery in this case. Discovery of this case will involve the exchange of highly sensitive business and/or personal information, including non-public personal and financial information which the named plaintiffs as well as absent putative class members submitted to Financial Plus and its related entities; additional financial information such as cancelled checks and statements which contain personal and bank account information of non-parties; non-public information related to internal banking operations including personnel information; and other information that is not available to the public. In order to safeguard privacy interests and confidential commercial information but to disclose this information for purposes of discovery, good cause exists for entry of a Protective Order:

WHEREAS, in connection with the above-captioned matter, good cause exists in order to disclose information containing confidential personal, business and commercial information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure, by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;

WHEREAS, it would serve the interests of the parties to conduct discovery in this action under a Protective Order pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to be bound by the terms of this Order and have presented the same for entry as an Order of Court;

**IT IS HEREBY ORDERED:**

In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the parties, and in the interests of justice and having determined that good cause exists, it is hereby ORDERED by the Court that:

1. This Confidentiality and Protective Order (this "Protective Order") shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as "Confidential" or "Confidential Attorney Eyes Only." Any Party may, in good faith, designate as "Confidential" or "Confidential Attorney Eyes Only" any documents, interrogatory answers, responses to requests for admission, deposition transcripts, information or other written, recorded, or graphic material produced or disclosed in this litigation that the Party considers to be subject to this Protective Order.

2. Exercise of Restraint and Care in Designating Material for Protection: Each party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party should make an effort to designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If a Designating Party later determines that information or items that it designated for protection do not qualify for

protection, that Designating Party must notify all other Parties that it is withdrawing the mistaken designation(s).

3. The term "Confidential Information," as used in this Protective Order, shall mean: (a) information not in the public domain that reflects confidential financial or commercial information, or information otherwise entitled to protection under Fed. R. Civ. P. 26, (b) matters that constitute or contain trade secrets pursuant to applicable law, and (c) non-public personal information.

4. The term "Confidential Attorney Eyes Only Information," as used in this Protective Order, shall mean information not in the public domain that is so proprietary or competitively sensitive that its disclosure may cause competitive injury. Such information may include, but is not limited to, highly sensitive financial and trade secret information. The parties recognize that the type of information which can properly be considered "Confidential Attorney Eyes Only" is therefore limited; accordingly, the parties expect to use this designation sparingly.

5. Nothing in this Protective Order shall limit the right of a Party to use documents or information that (a) was lawfully in its possession prior to the initiation of this action; (b) was, is, or becomes public knowledge, not in violation of this Protective Order; (c) is acquired by the non-producing Party from a third party who breached no legal obligation in providing the document(s) to the non-producing Party; or (d) becomes declassified under the Protective Order. The Parties shall not designate information as "Confidential" or "Confidential Attorneys Eyes Only" for the purpose of interfering with the rights of the receiving Party to conduct discovery.

### Confidential and Confidential Attorney Eyes Only Information

6. Any Party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" or "Confidential Attorney Eyes Only" any such information, document or material that it reasonably and in good faith believes constitutes or

contains Confidential Information or Confidential Attorney Eyes Only Information under the terms of this Protective Order. The designation "Confidential" or "Confidential Attorney Eyes Only" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states:

**"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY"**

7. Depositions may be designated "Confidential" or "Confidential Attorney Eyes Only" by indicating that fact on the record at the deposition or by providing written notice to the other Party within thirty (30) days of receipt of the hard copy transcript. If a Designating Party has advised the court reporter that Confidential Information or Confidential Attorney Eyes Only Information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication:

**"DEPOSITION CONTAINS [CONFIDENTIAL INFORMATION/ CONFIDENTIAL ATTORNEY EYES ONLY] OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER."**

Within thirty (30) business days of receipt of the initial deposition transcript, the Designating Party shall advise opposing counsel of the specific pages and lines in which Confidential Information or Confidential Attorney Eyes Only Information appears. Until expiration of the thirty day period, all information disclosed at a deposition shall be treated as "Confidential Attorney Eyes Only" information, subject to this Protective Order and protected from disclosure.

8. Confidential Information used in this litigation may be disclosed only to:

    a. This Court and its personnel; court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this action.

- 4 -   11-cv-06237 DDP (PLAx)
[Proposed] Amended Protective Order-

     b.    The Parties' counsel and employees of such counsel assigned to and necessary to assist such counsel in this action.

     c.    The named Parties, including any past, present or future officer, director, or representative of the Parties, but only for use in the prosecution, defense, or settlement of this action.

     d.    Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance in this action.

     e.    A deponent or witness, prior to or in the course of testimony, provided that such persons may be shown copies of designated material only during the course of preparation for his or her testimony, or in the actual course of his or her testimony, and may not retain any designated material and must be informed of the confidential nature of the materials.

     f.    An outside photocopy vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies of documents, but only to the extent necessary to enable the photocopy vendor to render such assistance in this action.

     g.    The author or recipient of a document containing the information or a custodian who possessed the information.

9.    Confidential Attorney Eyes Only Information used in this litigation may be disclosed only to:

     a.    This Court and its personnel; court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this case.

     b.    Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel).

      c.      Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

      d.      A deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her testimony, or in the actual course of deposition, may not retain any designated material and must be informed of the confidential nature of the materials.

      e.      An outside photocopy vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies of documents, but only to the extent necessary to enable the photocopy vendor to render such assistance.

      f.      The author or recipient of a document containing the information or a custodian who possessed the information.

10.    If a Party wishes to disclose Confidential Information or Confidential Attorney Eyes Only Information to any person not described in Paragraphs 8 and 9 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If within seven (7) business days of request for permission, the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, this Court orders otherwise.

11.    Prior to obtaining access to Confidential Information or Confidential Attorney Eyes Only Information, any person to whom such information may be disclosed pursuant to Paragraphs 8, 9, and 10 hereof, except as in Paragraphs 8(a) and 9(a), shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A ("Confidentiality Acknowledgment").

Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if requested by the Designating Party, shall provide a copy of the signed acknowledgment to counsel for the Designating Party, with the exception that the Designating Party is not entitled to see an acknowledgement signed by any expert who has not yet been disclosed as a testifying expert. Rather, counsel shall certify that all such experts have acknowledged the confidentiality agreement.

12. Where any Confidential Information, or Confidential Attorney Eyes Only Information, is included in any Court filing, such papers shall be accompanied by an application to file the papers under seal. The application must show good cause for the seal filing and filed pursuant to Local Rule 79-5 and the Court's practices related to filing under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

### General Provisions

13. Except to the extent expressly authorized in this Protective Order, Confidential Information and Confidential Attorney Eyes Only Information shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of this Protective Order. Use or disclosure of Confidential Information and Confidential Attorney Eyes Only Information in any other litigation or for any other purposes is expressly prohibited.

14. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information and/or Confidential Attorney Eyes Only Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

15. The parties shall meet and confer in good faith to attempt to resolve any dispute over the designation of materials under the Protective Order. Local Rule 37

controls.  If the parties want to file the   Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or a party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or exparte application as to why the Joint Stipulation or portions thereof should be filed under seal.

16. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within ninety (90) days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies.  If more than 90 days has elapsed, the same may be designated as Confidential Information and Confidential Attorney Eyes Only by agreement between the Parties or by filing a motion with the Court.

17. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

18. It shall not be deemed a violation of any of the terms of this Protective Order for a Party to produce information in response to a subpoena or order of any court or governmental agency that requires production of Confidential Information and/or Confidential Attorney Eyes Only Information that a Party has obtained under the terms of this Protective Order <u>provided</u> that: (a) such Party shall promptly notify the Party who originally designated as "Confidential" or "Confidential – Attorneys' Eyes Only" the information requested; (b) said notification shall be made in a timely manner, in writing, and at least seven (7) business days prior to the due date of compliance pursuant to the subpoena or Order in order to afford the producing Party an opportunity to object to the subpoena or seek relief from the Order; and (c) the Party receiving such subpoena or Order shall employ its good faith efforts to secure

Confidential treatment, whether by protective order or otherwise and under terms as restrictive as this Order, for any such information eventually produced in compliance with the subpoena or order.

19. This Protective Order is without prejudice to the right of any Party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Protective Order does not affect any Party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

20. This Protective Order is a pre-trial protective order and is not intended to govern the use of Confidential Information or Confidential Attorney Eyes Only Information at any trial of this action.

21. Nothing in this Protective Order shall be deemed to be a waiver of any Party's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of counsel, or as not calculated to lead to the discovery of admissible evidence. Moreover, nothing in this Protective Order shall preclude a Party from seeking such additional protection with regard to confidentiality as that Party may deem appropriate.

22. Nothing in this Protective Order shall require any Party to produce Confidential Information or documents containing Confidential Information, and nothing in this Protective Order shall result in the waiver by any Party of any objection to any discovery request or the production of Confidential Information or any document containing Confidential Information. The production subject to this Protective Order of Confidential Information or documents containing Confidential Information shall not be deemed a waiver of any objection to the admissibility of such documents or their contents that may exist under any applicable Rules of Evidence. It

is the intent of the Parties and the Court hereto that any such objections may be asserted prior to and at trial.

23. This Protective Order shall not preclude any Party from seeking and obtaining from the Court additional protection with respect to the issues addressed in the Protective Order. The Parties agree that this Protective Order is without prejudice to any position the Parties may take in any other cases.

24. The inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine. Upon receipt of notice of such inadvertent production from the producing party, the receiving party shall, within seven (7) business days of such notice, return all copies of such document(s) to the producing party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving party and shall destroy all copies of such documents that contain such notes or other attorney work product. A party returning such documents may then, if appropriate, pursue production of the documents pursuant to Local Rule 37, provided that the returning party may not challenge the privilege, protection or immunity claims by arguing that the disclosure waived the privilege, protection or immunity and may not use the documents, testimony or information for any other purpose whatsoever until the Court has determined that the document is not privileged. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or a party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or exparte application as to why the Joint Stipulation or portions thereof should be filed under seal.

25. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

26. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall employ best efforts to locate all Confidential Information and Confidential Attorney Eyes Only Information produced in this litigation (other than exhibits at the official court of record) to return to the Designating Party or destroy such information. Counsel for any Party or third party receiving Confidential Information and/or Confidential Attorney Eyes Only Information shall make written certification of using their best efforts to comply with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals. Should any Party or third party subsequently discover that, despite the use of best efforts, any Confidential Information and/or Confidential Attorney Eyes Only Information inadvertently was not returned or destroyed, in either electronic or hard copy formats, such Party must immediately take steps to return or destroy such information as outlined above.

The foregoing is hereby approved by the Court as a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1).

The terms and form of this and Protective Order are hereby consented to:

| | | |
|---|---|---|
| DATED: September 13, 2012 | | PEARSON, SIMON, WARSHAW & PENNY, LLP |

By   */s/ Robert Retana*
Bruce L. Simon
George S. Trevor
Robert G. Retana

CAPRETZ & ASSOCIATES
James T. Caprtez
Anthony Chu

GIRARDI & KEESE
Thomas V. Girardi
Graham B. Lippsmith

*Attorneys for Plaintiffs*

DATED: September 13, 2012     REED SMITH LLP

By   */s/ Sharon L. Rusnak*
Sharon L. Rusnak
Michael A. Garabed
Mary J. Hackett
Joseph E. Culleiton
Gretchen Woodruff Root

*Attorneys for Defendant
Bank of America, N.A.*

DATED: September 13, 2012

By   _____
Pablo Araque, *pro se*

SO ORDERED:

*[signature: Paul L. Abrams]*

September 19, 2012
Date

Honorable Paul L. Abrams
United States Magistrate Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ARREOLA, ALFREDO PARRA, LILLIAN A. RAMIREZ, JAVIER A. GALINDO, PASCUAL CHAVEZ-RAMIREZ, JOSE RENTERIA, JESSE MORENO, MARIA PLIEGO, RENE PLIEGO, AND JOSE GARCIA, On Their Own Behalf and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a National Banking Association; PABLO ARAQUE, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 11-CV-06237 DDP (PLAx)<br><br>**EXHIBIT A TO PROTECTIVE ORDER** |

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order ("Protective Order") to which this Acknowledgement is attached and I attest to my understanding that access to information designated "Confidential" and/or "Confidential Attorney Eyes Only" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Acknowledgment of the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information or Confidential Attorney Eyes Only Information. I also shall return all Confidential Information and any Confidential

Attorney Eyes Only Information provided to me in this litigation to counsel for the Party I represent within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated:_____

_____
Signature

_____
Printed Name

_____

_____
Address

_____
Individual or Entity Represented

This the \_\_\_ day of _____, 2012